Nov. Term, 1840.

ADAMSON
v.
WOOD.

*S. Judah*, for the appellee.

*6 Black. 312*    (1) Vide *Curtis* v. *The State Bank of Indiana*, Nov. term, 1842.

---

ADAMSON and Another *v.* WOOD and Others.

Irrelevant testimony is inadmissible.

Suit by *A.*, *B.*, and *C.*, trading under the firm of *A.* and *B.*, on a promissory note described in the declaration to be payable to the order of the plaintiffs, by their name and description of *A.* and *B.* Plea, that the note was not executed to the plaintiffs as payees in manner and form, &c. *Held*, that the plea was authorized by the statute of 1839, but that it must be verified by an affidavit in positive terms.

Tuesday, December 1.

APPEAL from the *Parke* Circuit Court. This suit was brought by *Richard Wood*, *John Yarrow*, *Horatio C. Wood*, *James Abbot*, and *Josiah Bacon*, merchants, trading under the name and firm of *Wood* and *Abbot*, on a promissory note described in the declaration to be payable to the order of the plaintiffs, by their name and description of *Wood* and *Abbot*.

SULLIVAN, J.—Debt by *Wood* and *Abbot* against the appellants on a promissory note. The defendants pleaded 1st, *nil debent;* 2dly, that the note sued on was not executed to the plaintiffs as payees in manner and form, &c. To the second plea there was an affidavit annexed by one of the defendants, that said plea was true in matter and fact *as he verily believed.* On motion of the plaintiffs, the second plea was rejected by the Court. Issue on the first plea. Verdict and judgment for the plaintiffs.

Nov. Term, 1840.

ADAMSON
v.
WOOD.

The first error assigned is, that the Court rejected certain testimony offered by the defendants to prove the payment of the note. The testimony offered by the defendants and rejected by the Court, was embraced in three receipts, the first of which was dated on the 21st of *March,* 1837, being prior to the date of the note on which the present suit was founded, and expressed to be on account between the parties; the second acknowledges the receipt of 200 dollars to be credited on a note dated *April* the 21st, 1836; and the third a receipt of 100 dollars to be credited on the same note. It is manifest that those payments were inapplicable to the debt on which the action was founded. If testimony be improper or irrelevant, it is the province of the Court to exclude it. The receipts, on their face, showed the payments to have been made on demands, not embracing that in suit between the parties, and were, we think, correctly excluded by the Court.

It is also assigned for error, that the Court improperly rejected the second plea. That plea was filed under the third section of the act relative to practice in Circuit Courts. Acts of 1839, p. 36. The plea is objected to as amounting to the general issue; but on reference to the statute, we think it is not objectionable on that ground. The Court, however, did right in rejecting the plea on account of the insufficiency of the affidavit. The statute requires the plea to be verified by oath. Unless the affidavit be direct and positive it is no verification of the facts stated. Affidavits to hold to bail, and affidavits to pleas in abatement, are uniformly held to be uncertain and insufficient if made as the affiant *believes.* The reason why certainty is required in

Nov. Term,  those cases, applies to an affidavit verifying a plea under the
    1840.    statute above referred to.

VANHOOK        *Per Curiam.*—The judgment is affirmed, with 3 *per cent.*
    v.
THE STATE.  damages and costs.

      *J. A. Wright,* for the appellants.

      *T. A. Howard* and *W. P. Bryant,* for the appellees.